**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-4997

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

QUASHAWN PREISTER, a/k/a Quay,

Defendant – Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, District Judge. (1:09-cr-00111-IMK-JSK-4)

Submitted: April 7, 2011          Decided: April 15, 2011

Before GREGORY, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles T. Berry, Fairmont, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, John C. Parr, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quashawn Preister appeals the forty-month sentence imposed following his guilty plea to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006). Counsel for Preister filed a brief in this court in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no non-frivolous issues for appeal, but questioning whether the district court erred when it noted at sentencing, but not in the judgment, that Preister would receive credit for time he served in federal custody prior to sentencing. Preister was informed of his right to file a pro se supplemental brief but did not do so. Finding no reversible error, we affirm.

Although we generally review preserved sentencing errors for an abuse of discretion, reversing only if an error is not harmless, we review for plain error a procedural sentencing error raised for the first time on appeal. See United States v. Lynn, 592 F.3d 572, 575-79 (4th Cir. 2010). In reviewing a sentence, we first examine the record for significant procedural error. Gall v. United States, 552 U.S. 38, 51 (2007). If there are no procedural errors, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

2

We hold that the district court did not commit error when it sentenced Preister. The district court did not plainly err in calculating the advisory Guidelines range, imposed a within-Guidelines sentence, considered both parties' arguments and the 18 U.S.C. § 3553(a) (2006) factors, and provided a clear explanation for its decision. Further, the district court's innocuous comment that Preister was receiving credit for time served was not error. The court's statement was not part of the sentence it imposed, and its omission from the judgment does not preclude Preister's receipt of credit for time served. In fact, the district court did not have the authority to give Preister credit for the time he spent in federal custody prior to sentencing, as the crediting decision is within the purview of the Attorney General, acting through the Bureau of Prisons.[*] See 18 U.S.C. § 3585(b) (2006); Wilson, 503 U.S. at 335.

In accordance with Anders, we have examined the entire record and find no other meritorious issues for appeal. We therefore affirm the district court's judgment. This court

---

[*] Indeed, once Preister is remanded to the Bureau of Prisons to begin serving his sentence of incarceration, the Bureau of Prisons should compute his jail-time credit. United States v. Wilson, 503 U.S. 329, 335 (1992). If, at that time, he remains unsatisfied with the amount of credit he receives, he may seek administrative review of the calculations; only after he has exhausted his administrative remedies may he seek judicial review. Id.

3

requires that counsel inform Preister, in writing, of the right to petition the Supreme Court of the United States for further review. If Preister requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Preister.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED